```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

TAMMY D. BERRY                                             PLAINTIFF

VS.                              CIVIL ACTION NO. 3:06CV348TSL-JCS

ADVANCE AMERICA                                            DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of defendant Advance America for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff Tammy D. Berry has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

Plaintiff Tammy Berry filed this action alleging claims for race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e <u>et</u> <u>seq</u>., and for intentional and/or negligent infliction of emotional distress.  In its present motion for summary judgment, defendant contends that plaintiff's Title VII claim is barred because plaintiff failed to timely file her charge of discrimination with the EEOC, and further because on the basis of the undisputed facts of record, her claim has no substantive merit in any event.  Defendant argues additionally that plaintiff's state law claims are due to be dismissed for one or more of a number of reasons.

The following facts are not disputed. In July 2001, plaintiff was hired as a branch manager by defendant, and specifically by defendant's then-Divisional Director of Operations, William Bennett. In January 2004, she was promoted by Bennett to the position of Area Manager, and not long thereafter, in June 2004, was promoted by Bennett (who was then Regional Manager) to Divisional Director of Operations.

In December 2004, plaintiff and three other women were indicted by a federal grand jury on charges of conversion, money laundering, transportation of stolen property and racketeering in a scheme in which plaintiff posed as a consultant for the Meridian school district, which resulted in some $46,000 being deposited into her bank account. In September 2005, pursuant to an agreement with the government, the original charges against plaintiff were dismissed and she was indicted for misprision of felony, to which she pled guilty on September 16, 2005. Upon being informed by plaintiff of her conviction, defendant terminated her employment, ostensibly for conduct that was inappropriate or otherwise not in the company's best interest because she had pled guilty to a crime involving money laundering.

A Title VII claimant must file charges with the EEOC within 180 days after the alleged illegal conduct. See 42 U.S.C. § 2000e-5(e)(1). Section 2000e-5(e)(5)(1) states,

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the

2

>     alleged unlawful employment practice) shall be served
>     upon the person against whom such charge is made within
>     ten days thereafter . . .

The 180-day time limit operates as a statute of limitations, and as such, is subject to equitable tolling. Hood v. Sears Roebuck and Co., 168 F.3d 231, 232 (5th Cir. 1999) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982)).  The claimant bears the burden of justifying equitable tolling. Id. (citing Blumberg v. HCA Mgmt. Co., 848 F.2d 642, 644 (5th Cir. 1988).  The Fifth Circuit has found equitable tolling applicable in the following circumstances:

>     (1) during the pendency of an action before a state
>     court that has jurisdiction over the subject matter of
>     the suit, but that is the wrong forum under state law;
>     (2) until the claimant knows or should know the facts
>     giving rise to her Title VII claim; and (3) when the
>     EEOC misleads the claimant about the nature of her
>     rights under Title VII.

Id. (citing Chappell v. Emco Mach. Works Co., 601 F.2d 1295, 1302 (5th Cir. 1979)).  It has also indicated that there may be other circumstances which might merit equitable tolling. Id. (citing Blumberg, 848 F.2d at 644-45).

   Here, plaintiff acknowledges she did not file her charge with the EEOC within 180 days of her termination, and yet she has not argued that equitable tolling would be appropriate or identified any circumstance that might lead the court to conclude that equitable tolling is warranted.  Therefore, the court concludes that plaintiff is barred from proceeding on her claims herein based on her failure to timely file her EEOC charge.

Even were that not the case, however, the court would still conclude that defendant is entitled to summary judgment on plaintiff's Title VII claim. To establish a prima facie case of discrimination, a Title VII plaintiff must prove that she (1) is a member of a protected class, (2) she was qualified for the position, (3) she was discharged, and (4) her employer filled the position with a person who is not a member of the protected class, or in a disparate treatment case, was treated less favorably than a similarly situated employee of another race. Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 512-13 (5th Cir. 2001). Defendant does not dispute that plaintiff is a member of a protected class; that she was qualified for the position; and that she was discharged. It submits, however, that she cannot prove the fourth element of her prima facie case. Plaintiff, on the other hand, maintains that the record evidence demonstrates that she was treated less favorably than other employees who had criminal convictions, in that she was the only employee in that circumstance who was terminated.

In support of her position, plaintiff has identified two alleged comparators, white branch managers who were not terminated after it was learned that they had criminal convictions. One employee, Kimberly Floyd Smith, was hired as a branch manager in January 2005. The background check conducted prior to her being hired failed to disclose a previous felony conviction for prescription forgery. According to plaintiff, when defendant

4

later discovered the conviction, it simply "looked the other way." Defendant did not terminate Smith's employment. Another employee, Heather Wallace, was not terminated, despite a conviction for driving under the influence. Although plaintiff contends otherwise, it is apparent these other employees were not similarly situated and certainly not "nearly identical" as required by Fifth Circuit precedent. In this vein, the Fifth Circuit has held that to sustain her burden with respect to this fourth element, a plaintiff must establish that "the misconduct for which she was discharged was nearly identical to that engaged in by" an employee of another race whom defendant retained. Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 221 (5th Cir. 2001) (citations omitted).

Here, as defendant points out, the alleged comparators identified by plaintiff not only had lower level positions than plaintiff, but the circumstances of their criminal conduct/ convictions were significantly different from plaintiff's circumstances. Smith's conviction predated her employment with defendant by more than ten years, a fact which alone renders her circumstance quite different from that of plaintiff. Plaintiff, in contrast, was convicted of an offense involving money laundering while she was employed by defendant. Defendant notes that it has a policy, roughly tracking 12 U.S.C. § 1829, which prohibits employment of any person who has been convicted of "any criminal offense involving dishonesty or a breach of trust or

5

money laundering."[1]  Heather Wallace, the other alleged comparator identified by plaintiff, was convicted of a criminal offense while employed by defendant, but that conviction was for driving under the influence, a vastly different offense than that for which plaintiff was convicted.  In sum, it is clear to the court that plaintiff cannot establish a prima facie case of discrimination given that it is manifest that the circumstances of Smith's and Wallace's convictions are not similar to that of plaintiff. Accordingly, for this reason, as well as the fact that her claim is barred for failing to timely file her EEOC charge, plaintiff's Title VII claim will be dismissed.

Plaintiff has also alleged state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress, based not only on defendant's having terminated her but also on its having allegedly provided adverse references to potential employers and thereby preventing her from securing employment.  Defendant correctly argues that, among other reasons, plaintiff's claim for negligent infliction of emotional distress cannot succeed because it is barred by the exclusivity provision of the Mississippi Workers' Compensation Act.  See Howard v. Hancock Med. Ctr., 2006 WL 3487109, at 7 (S.D. Miss. Dec. 1, 2006).  Defendant further maintains that plaintiff cannot

---

[1] Defendant has presented uncontroverted proof that under the policy that was in effect at the time Smith was hired, a felony conviction older than ten years did not prevent an applicant from passing the background check or being hired.

6

succeed on her claim for intentional infliction of emotional distress because the undisputed facts of record simply do not support a finding that defendant engaged in conduct that was "wanton and willful and [such that] it would evoke outrage or revulsion," Leaf River Forest Prods., Inc. v. Ferguson, 662 So. 2d 648, 659 (Miss. 1995), or was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," Speed v. Scott, 787 So. 2d 626, 630 (Miss. 2001). See also Hatley v. Hilton Hotels Corp., 308 So. 2d 473, 476 (5th Cir. 2002) (quoting Ferguson and Hatley). The fact that plaintiff has not responded in opposition to this part of defendant's motion suggests that plaintiff concedes this point, but even had she not done so, it is evident from the proof of record that plaintiff cannot sustain her burden with respect to this claim.

Accordingly, it is ordered that defendant's motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 27th day of March, 2007.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

7